UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONALD D. PITTS, | CASE NO. 3:11 CV 2405 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| LUCAS COUNTY ADULT PROBATION DEPARTMENT SUPERINTENDENT, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

On November 7, 2011, Petitioner *pro se* Ronald D. Pitts filed above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petition and attachments (collectively "the Petition") indicate Pitts seeks to challenge his 2009 conviction, pursuant to a no contest plea, for attempted abduction. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, Petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

As grounds for relief, Petitioner asserts his counsel was ineffective and his conviction was the result of a vindictive prosecution. The Petition reflects that he filed a Motion for Post Conviction Relief, which was denied by the trial court as barred by the doctrine of *res judicata*. Petition (ECF #1), pp. 14-16. The Lucas County Court of Appeals affirmed the trial court's determination. Petition, pp. 33-38. Thus, Petitioner was procedurally barred from successfully raising his claims in the state court.

If a procedural bar in the state court exists, this Court will not consider the claims unless Petitioner establishes adequate cause to excuse his failure to properly raise the claims and actual prejudice to case. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986); *see, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990); *see also, Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of his rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the Petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b)

IT IS SO ORDERED.

_____ 12/27/11
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE